IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MONTRELL L. ELLIS,

                  Plaintiff,                  OPINION AND ORDER

v.

                                                      16-cv-390-wmc

SERGEANT SCHUNK,
HILLARY BROWN,
DARCY ZIELER,
MARIO CANZIANI, and
REED RICHARDSON, et al.,

                  Defendants.

On October 19, 2017, the court granted *pro se* plaintiff Montrell Ellis leave to proceed on a First Amendment claim against Sergeant Schunk. Currently before the court are Schunk's motion to dismiss (dkt. #15), to which Ellis responded with two motions of his own, each asking the court to deny Schunk's motion (dkt. ##25, 26), as well as a motion for assistance in recruiting counsel (dkt. #13). For the reason that follow, the court will deny Schunk's motion to dismiss, as well as deny Ellis's request for assistance in recruiting counsel.

ALLEGATIONS OF FACT[1]

During the time period relevant to Ellis's complaint, he was incarcerated at Stanley Correctional Institution ("SCI"), where Schunk was working as a sergeant.

On February 22, 2015, Ellis received permission from Sergeant Schunk to borrow

---

[1] Courts must read the allegations in *pro se* complaints generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court accepts the following allegations in Ellis's complaint as true.

1

some scotch tape from a fellow inmate. Upon receiving the tape, however, Ellis claims Schunk then questioned the two inmates about what they had just passed, and he made Ellis return the tape. As he walked away afterward, Ellis told the other inmate that he planned to write an inmate complaint about the incident. Apparently overhearing Ellis, Sergeant Schunk called the inmates back to the officers' station, and he asked Ellis what he had said. When Ellis repeated his intention to file a complaint, Schunk then allegedly responded that *he* would start writing Ellis conduct reports.

As planned, Ellis wrote a complaint about the incident that same day, but did not file it at that time. He learned that Schunk had also written him up in a conduct report for disruptive conduct and disobeying orders the following day, February 23, 2015, when he was given a copy. Eventually, Ellis received fifteen days of room confinement without electronics as punishment for his conduct. Ellis formally filed his original inmate complaint some time later.

OPINION

I. Motion to dismiss (dkt. #15)

The court granted plaintiff leave to proceed on a retaliation claim against Schunk. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state a claim for retaliation under the First Amendment, a plaintiff must allege that: (1) he was engaged in constitutionally protected activity; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the

2

future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. *Gomez v. Randle*, 680 F.3 d 859, 866-67 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009).

Citing to the Seventh Circuit's comment in *Bridges* that it is "implausible that a threat to file a grievance would itself constitute a First Amendment-protected grievance," *id.* at 555, defendant argues that plaintiff does not have a constitutionally protected right to *threaten* to file grievances. In *Bridges*, the court declined to give the threat to file a grievance the same *per se* protection given to written grievances, but did not address whether the statement itself might warrant First Amendment protection. However, as the Seventh Circuit recognized a year later in *Watkins v. Kasper*, 599 F.3d 791, 794-95 (7th Cir. 2010), prisoners' speech *is* protected by the First Amendment so long as it is expressed "in a manner consistent with legitimate penological interests." *Id.* at 794-95 (noting that the question of whether a prisoner's speech is protected is governed by the standard set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

While the timing of plaintiff's statement and the conduct report indicates that Ellis had not yet filed a grievance against Sergeant Schunk when he decided to issue Ellis a conduct report, that does not establish as a matter of fact that Schunk's decision to write him up for disorderly conduct was tied to a legitimate penological interest, as opposed to Schunk's simple desire to punish Ellis for acknowledging his plan to file a grievance. Fact-finding will, therefore, be necessary to get to the bottom of this question because Ellis's statement that he planned to file a grievance could constitute protected speech if he made it without violating prison policy. Given that Ellis has not pled any facts suggesting that

3

he told Schunk he would file a grievance in a disruptive, loud or intimidating manner, and indeed allegedly did so only after being confronted and ordered to do so by Sergeant Schunk, the court cannot conclude at least at the pleading stage that Ellis's statement was not constitutionally protected.

For the same reason, the court must reject defendant's qualified immunity argument. Because such a defense is usually very fact-intensive, dismissal at the pleading stage is generally considered inappropriate. Indeed, a plaintiff is not even "required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001) (quoting *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)). This makes Rule 12(b)(6) "a mismatch for immunity and almost always a bad ground for dismissal." *Id.* at 652 (quoting *Jacobs*, 215 F.3d at 775(Easterbrook, J., concurring)).

This is not to hold that qualified immunity is no defense *provided* the unlawfulness of the government official's conduct as pled is clearly established, but then the government official could be entitled to qualified immunity, even if the defense is asserted. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). At this point, where the circumstances surrounding Ellis's threat to file a grievance against Schunk are unclear, the court cannot determine whether or not Schunk's decision to punish Ellis was contrary to clearly established law.

II.     **Motion for assistance in recruiting counsel (dkt. #13)**

As noted, the court is denying Ellis's motion for assistance in recruiting counsel at this time as well. In his motion, Ellis states that he is indigent and knows nothing about

4

the law, while attaching the names of four attorneys to whom he has written and who have not responded to his request for representation. Unfortunately, given its limited resources and number of attorneys expressing this list, the starting point for all such requests is that there is no general right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Rather, courts have discretion to grant motions for assistance in recruiting counsel where a party meets several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). The court is satisfied that Ellis has established both that he is unable to afford counsel *and* has made reasonable efforts to find a lawyer on his own without success, substantially less apparent is whether or not this is one of those relatively few cases in which the legal and factual complexities of the case exceeds the plaintiff's ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Indeed, the operative question is not whether a lawyer will do a *better* job than he can -- that is almost always the case -- but rather whether practically speaking Ellis is unable to represent himself. So far, the answer is no for the reasons that follow.

Thus far, Ellis's obligations have been to oppose Schunk's motion to dismiss -- which he successfully accomplished by citing to relevant case law -- and to engage in the discovery process with defendant. His filings suggest that he understands the tasks at hand and is capable of handling them. Accordingly, the court is not convinced that the legal and factual difficulty posed by responding to defendants' exhaustion motion was beyond his abilities. As such, the motion for assistance in recruiting counsel will be denied at this time, although the denial will be without prejudice to Ellis's ability to renew if, as he is proceeding to the dispositive or trial phases of this lawsuit, he discovers that the demands of litigating his

5

claim exceeds his abilities.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss (dkt. #15) is DENIED.

2. Plaintiff's motion for consideration (dkt. #25) and motion to grant (dkt. #26) are GRANTED.

3. Plaintiff's motion for assistance in recruiting counsel (dkt. #13) is DENIED.

Entered this 4th day of May, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge